Submitted on briefs March 31, affirmed with modification April 17, 1928.

## J. E. BEACH *v.* M. F. COOPER ET UX.

(266 Pac. 633.)

**Mechanics' Liens—Lien Notice Statute Held not Applicable Where Material and Labor were Furnished Directly to Owner on Wife's Order (Or. L., § 10191).**

1. Section 10191, Or. L., requiring that notice be given of one's intention to claim a mechanic's lien for labor or material furnished, *held* not applicable in mechanic's lien foreclosure suit against husband and wife for labor and materials furnished directly to owner for repairing home occupied by husband and wife, where home was owned by husband and contract for labor and material was made by wife with knowledge and consent of husband.

**Mechanics' Liens—Personal Judgment Against Husband in Lien Foreclosure Held Proper and, Against Wife, Improper, Where Material and Labor were Furnished at Wife's Request to Repair Husband's House.**

2. Where, in mechanic's lien foreclosure suit, showing was made that materials and labor furnished for repair of husband's house, occupied by husband and wife, were furnished at wife's request but with knowledge and consent of husband, *held* that personal judgment against husband was proper, but that rendering personal judgment against wife was improper.

---

Mechanics' Liens, 40 C. J., p. 163, n. 7, p. 500, n. 98.

From Multnomah: T. E. J. DUFFY, Judge.

In Banc.

AFFIRMED WITH MODIFICATION.

---

2. Right to personal judgment in action to foreclose mechanic's lien, see note in Ann. Cas. 1912A, 129. See, also, 18 R. C. L. 991.

For appellants there was a brief over the name of *Mr. Eugene Brookings.*

For respondent there was a brief over the name of *Mr. Oglesby Young.*

BELT, J.—This is a suit to foreclose a mechanic's lien. Plaintiff alleges that, at the instance and request of defendants, certain materials were furnished and labor performed in plastering two rooms of a dwelling-house owned by the defendant M. F. Cooper. The contract was made by the plaintiff with the defendant, Mrs. M. F. Cooper, but unquestionably with the knowledge and consent of her husband. The work was performed while defendants occupied the house as their home.

1. Defendants assert that the decree should be set aside for the reason that it is not alleged in the complaint that notice was given of an intent to claim a lien in compliance with Section 10191, Or. L. This section provides that the lien claimant "shall not later than five days after the date of the first delivery to any contractor or agent of such material or supplies for which a lien may be claimed" give notice to the owner of an intent to assert a lien. Such statutory provision has no application, however, where the material is furnished directly to the owner: *Nicolai-Neppach Co. v. Poore,* 120 Or. 163 (251 Pac. 268); *Boise-Payette Lumber Co. v. Dominican Sisters,* 102 Or. 314 (202 Pac. 554). In the instant case there was no delivery of material to any contractor or statutory agent.

2. Did the court err in rendering a personal judgment against both defendants? The contract made

by the wife was ratified by the husband.   The defend-
ant, M. F. Cooper, through his wife, acting as his
common-law agent, had contractual relations with the
plaintiff.   The husband was personally liable for the
reasonable value of the material furnished and the
labor performed.   It follows that it was proper to
render a personal judgment against him.   It was not
so as to the wife: *Tait & Co.* v. *Stryker,* 117 Or. 338
(243 Pac. 104); *Augir* v. *Warder,* 68 W. Va. 752 (70
S. E. 719, 33 L. R. A. (N. S.) 69); 18 R. C. L. 991;
40 C. J. 500.   Appellant relies upon *McCormack* v.
*Bertschinger,* 115 Or. 250 (237 Pac. 363).   A personal
judgment was not allowed in that case for the reason
part of the work was performed under a contract with
the owner and part under a separate contract with
the original contractor.   There was no segregation
of the amounts due from each.

The decree of the lower court will be affirmed, with
the modification above noted, that is, personal judg-
ment against the defendant Mrs. M. F. Cooper will
be eliminated.   Plaintiff is entitled to costs and dis-
bursements.                        AFFIRMED AS MODIFIED.