SYRACUSE SAVINGS AND LOAN ASSOCIATION, Plaintiff, *v.* WALTER J. HASS, Otherwise Known as WALTER J. HAAS, and VIRGINIA HASS, Otherwise Known as LILAH G. HASS, Defendants.

Supreme Court, Onondaga County, April 19, 1929.

Hancock, Dorr, Kingsley & Shove [H. Paul Nelligan of counsel], for the plaintiff.

Schuyler L. Black, for the defendant Virginia G. Hass.

DOWLING, WILLIAM F., J.   On May 28, 1926, defendants executed to plaintiff's predecessor, Syracuse Co-Operative Savings and Loan Association, the mortgage referred to in plaintiff's first cause of action herein, which said mortgage covered the premises known as lot No. 10 of the Fineview Tract, Onondaga county.   The mortgage is in the sum of $3,000.   On May 29, 1926, the then owners, Ernest A. Clark and Helen S. Clark, executed to defendant Walter J. Hass a warranty deed of the said premises.   The deed was recorded in the Onondaga county clerk's office June 3, 1926, and the mortgage was recorded therein August 6, 1926.   On the 28th of December, 1926, the defendants executed to said Syracuse Co-Operative Savings and Loan Association a second mortgage on the same premises in the amount of $1,500, as set forth in plaintiff's second cause of action herein.   This mortgage was recorded in the Onondaga county clerk's office the same date.

Both of the above mortgages were signed by the defendant Virginia G. Hass, who then was, and now is, an infant.

The defendants defaulted in complying with the terms of said mortgages and this action was instituted for a foreclosure thereof.

Plaintiff contends that the $3,000 mortgage was a purchase-money mortgage and that it is a prior lien to the dower of the defendant Virginia G. Hass.

Defendant Virginia G. Hass appears by guardian ad litem and interposes the defense of infancy and claims that the mortgaged property should be sold subject to her dower right therein.   The fact of her infancy, at the time the said mortgages were executed and at the time of the trial, is not disputed by the plaintiff.

Of the $3,000 so loaned by the plaintiff's predecessor, only $120.50 was applied upon the purchase price of the lot covered by said mortgage.   The balance of the loan was expended in the erection of a dwelling upon said lot.   The plaintiff contends that

in view of the fact that $120.50 of the principal of the mortgage was applied upon the purchase price of the lot the whole mortgage is a purchase-money mortgage and is prior in lien to Mrs. Hass' dower. By section 193 of the Real Property Law a wife is entitled to her dower interest in real property as against every other person, except the holder of a purchase-money mortgage, or those claiming under him. " Where a purchaser of land, at the same time he receives a conveyance, executes a mortgage to a third person, who advances the purchase-money for him, such mortgage is entitled to the same preference over other liens existing against the mortgagor as it would have had if it had been made to the vendor himself." (27 Cyc. 1182; *Boies* v. *Benham*, 127 N. Y. 620, 624, 626.) " But the money must have been loaned with the *express purpose and intention* that it should be used in paying the *purchase-price of the land.*" (27 Cyc. 1182; *Ely Sav. Bank* v. *Graham*, 201 Iowa, 840; 208 N. W. 312, 314.)

There is no evidence here, except the item of $120.50, that the money was loaned with the express purpose and intention that it should be used in paying the purchase price of the land. The evidence is to the contrary. The loan, save $120.50, was made for the purpose of erecting a building on the lot covered by the mortgage and to the extent of $2,850 was not a purchase-money mortgage. Technically, a purchase-money mortgage does not include a mortgage to a third person to secure money loaned expressly to be applied to the purchase of land, but by virtue of statutory provisions, mortgages given to secure money borrowed expressly for the purpose of *being applied to the purchase of real property*, are generally held purchase-money mortgages, though running to third persons. (1 Wiltsie Mort. Foreclosure .[4th ed.], § 271, p. 377.)

At the time the defendants purchased the real property in question from Mr. Clark, Mr. Clark was represented by a Mr. Graham, who went to the office of the mortgagee and received from Mr. Walters, who was then its secretary and treasurer, the balance due on the purchase price amounting to $120.50, and delivered to him the deed of the property for the defendant Walter J. Hass. Nothing was said by either in regard to the mortgage at that time as far as the evidence discloses, but the fact that the deed was delivered to Walters is some evidence that the $120.50 paid by him to Graham was purchase money. Thereafter the said treasurer paid over to Walter J. Hass $2,850, the balance of the principal of the mortgage. Mr. Hass expended this money in improving the premises as aforesaid.

At the time Virginia G. Hass signed the mortgage in question,

she informed the mortgagee that she was an infant; hence, there is no question of fraud or bad faith involved herein.

Plaintiff's contention that the $3,000 mortgage is a purchase-money mortgage is wholly untenable. Plaintiff argues that inasmuch as a part of the principal of the mortgage was applied to the purchase price the whole mortgage became a purchase-money mortgage. " A purchase-money mortgage on land is a mortgage executed at the time of the purchase of the land and contemporaneously with the acquirement of the legal title or afterwards, *but as a part of the same transaction to secure an unpaid balance of the purchase price.*" (1 Wiltsie Mort. Foreclosure [4th ed.], § 271, p. 377; 19 R. C. L. § 196, p. 416.)

To render a mortgage a purchase-money mortgage, the whole of the principal must have been applied towards the payment of the purchase price. A mortgage given to secure money loaned for the improvement of real property is not a purchase-money mortgage within any definition of the term, so far as we have been able to discover.

Were we to adopt the suggestion of plaintiff, great injustice might result to the holders of liens against realty, in view of the fact that a purchase-money mortgage takes preference over liens of judgments, dower and the like. (*Boies* v. *Benham,* 127 N. Y. 620, 624.)

The plaintiff's $3,000 mortgage is a purchase-money mortgage to the extent of $120.50 and accumulated interest on that sum and to that extent only is prior to Mrs. Hass' dower interest. Aside from this sum, the mortgage is absolutely void as to Mrs. Hass. Where an infant *feme covert* joins in a mortgage with her husband in order to release her dower, such a mortgage is absolutely void as to her. (*Feitner* v. *Hoeger,* 14 Daly, 470, 471; affd., 121 N. Y. 660.)

There is no claim that the $1,500 mortgage is a purchase-money mortgage. Plaintiff having duly and timely elected, upon the default of the defendants, that the whole amount become due under each of said mortgages, is entitled to judgment of foreclosure and sale.

Judgment accordingly, with costs.

Guardian *ad litem* for Mrs. Hass is allowed for his services the sum of $100.