Argued February 24; reversed April 28; rehearing denied
June 23, 1931.

LORENZ CO. *v.* GRAY ET AL.

(298 P. 222, 300 P. 949)

*B. A. Kliks, Chas. J. Taff,* and *C. W. Redding,* all of McMinnville (Paul A. Sayre, of Portland, on the brief), for appellants B. A. and Dorthy Kliks and Day & Co.

*A. W. Schaupp,* of Klamath Falls (Ralph W. Horan, of Klamath Falls, on the brief), for respondent J. M. Gray and appellant John Ruffing.

*Henry E. Perkins,* of Klamath Falls, for respondent Fred J. Reif.

KELLY, J. Among other things, it is urged by demurrer and oft-repeated objections on the part of defendants Day & Company, B. A. Kliks and Dorothy L. Kliks as to each cause of suit, that the complaint of plaintiff does not state facts sufficient to constitute a cause of suit against said defendants. We are confronted, therefore, with the necessity of determining the sufficiency of these alleged causes of suit. For the purposes of such determination, we must apply the requisites prescribed by statute. The statute prescribes that there must be a notice of delivery to the owner or reputed owner by mail, not later than five days after the first delivery to any contractor or agent of materials for which a lien is to be claimed: § 51-101, Oregon Code 1930.

This statutory provision has no application when the material is furnished directly to the owner: *Beach v. Cooper,* 125 Or. 256 (266 P. 633). The giving of such notice is not alleged in the complaint, and the court failed to pass upon plaintiff's application to amend by inserting it; but it is alleged:

"That during all of the times hereinafter mentioned Day & Company were and now are the owners of the north half of the northwest quarter, and the southeast quarter of the northwest quarter of section fourteen (14), township thirty-nine (39), south range 9, E. W. M., in Klamath county, Oregon, and the said Day & Company have been during all the times hereinafter mentioned and now are constructing a series of dwelling houses upon said real property through their agent, B. A. Olds."

It is also alleged as to the Drake Lumber Company's claim and the Sixth Street Lumber Company's claim that materials were furnished and delivered to said defendants at the special instance and request of Day & Company, and, as to the Philipson claims, that the materials were furnished to the said Day & Company; therefore, it was not incumbent upon plaintiff to allege that, within five days after the final delivery, notice thereof was given to said Day & Company.

The statute further prescribes that in case of an original contractor notice of claim of lien must be recorded within 60 days after the completion of the contract, and, with respect to all others who furnish material or labor, such notice of claim of lien must be filed for record within 30 days after the completion of the alteration or repair or after the lien claimant has ceased to labor or furnish materials. It is therefore necessary in the case of an original contractor that the

complaint should disclose, by appropriate allegation, either that the contract had been completed within the 60 days mentioned or such state of facts as to excuse the completion thereof: *Bernard v. Hassan,* 60 Or. 62 (118 P. 201). And in case of any other person furnishing material or performing labor, the complaint should disclose, by appropriate averment, that the alteration or repair was completed, or that the lien claimant ceased to labor or furnish materials within 30 days from the time of the filing of said notice of lien: § 51-105, Oregon Code 1930. Neither of these allegations appear in the complaint.

■ The nearest approach to an allegation, that the lien claimant ceased to labor or furnish materials at any definite date, is the allegation that between certain dates, which are named, the work was done or the material furnished.

To illustrate why such an allegation is not sufficiently definite, we will refer to the Drake Lumber Company's cause of suit. In respect to that cause of suit, the complaint alleges that the materials were furnished between July 24 and November 14, 1928. The notice of lien states that claimant ceased to furnish materials on the 4th day of November, 1928. Both of these statements may be absolutely true, but, if the statement in the lien notice in that respect is correct, claimant would not have a valid lien, unless he was an original contractors, because the notice of lien was not filed until December 7, 1928, which is more than 30 days from November 4, 1928. If claimant is an original contractor, it is necessary to allege the completion of the contract within the 60-day period allowed for filing such notice of lien, or such a state of facts as to excuse performance: *Bernard v. Hassan,* supra.

■ In the notice of lien of the first stated claim of Thomas Philipson, it is set forth that claimant ceased to labor and furnish materials under said contract on the 11th day of November, 1928. This is not an allegation of complete performance. In the notice of lien last stated in the complaint, Philipson sets forth that he completed the terms of said contract on or about the 30th day of July, 1928. This, taken with the further statement in the notice of lien, "that 60 days have not elapsed since the date when claimant ceased to labor thereon," bearing in mind that a copy of such notice of lien is attached to the complaint, discloses that this cause of suit is not vulnerable to the contention that the completion of the contract and the date thereof are not stated in the complaint. An exhibit to a pleading can not serve the purpose of supplying necessary and material averments: *Malheur County v. Carter*, 52 Or. 616, 621 (98 P. 489). The excerpts just quoted from the above mentioned exhibit determine the effect thereof and are controlling: *Somers v. Hanson*, 78 Or. 429 (153 P. 43); *Strong et al. v. Moore et al.*, 118 Or. 649, 655 (245 P. 505), and cases there cited.

■ As to plaintiff's claim of lien, the description of the property is fatally defective. That part of plaintiff's notice of lien, describing the property, reads as follows:

"Know All Men by These Presents That Lorenz Co., a corporation, hereinafter called 'the claimant,' claims a lien upon the following described property, to wit:

"All the north half of the northwest quarter (N½ of NW¼) of section fourteen (14), township thirty-nine (39) range nine (9) E. W. M., and all buildings and dwelling houses constructed thereon and situated on the above described premises."

It will be noted that in this description neither the county nor the state is mentioned. It will also be noted that the description does not disclose whether the township is north or south from the base line, and that there is no description whatsoever of any building or buildings. These defects are not supplied in any other part of the notice of lien filed by plaintiff.

■ The statute also prescribes that notice of claim of lien must be verified. This provision of the statute was not observed by lien claimant F. R. Olds, and, hence, his claim of lien is fatally defective.

■ For the reasons stated the court erred in overruling the demurrer to plaintiff's complaint. Defendant B. A. Kliks urges that the defendants are not named in the complaint. This defect was cured by allegations in the answer.

■ With respect to the lien claim of Chas. E. Bafford, the testimony is too indefinite, vague and uncertain to render his claim of lien admissible in evidence. In the case of the lien claim of Chas. E. Bafford & Son, the testimony is at variance with the allegations of the notice of lien in that the notice of lien described the labor alleged to have been performed as digging ditches, whereas the testimony disclosed alleged carpenter work. This is such a material variance as to render the notice of lien inadmissible in evidence.

■ The claim of J. M. Gray is based upon two items:

"For contract price for labor and materials in plumbing four houses, $850.00
"For extra work and materials in plumbing four houses, $ 24.00"

The answer and cross-complaint of this defendant does not allege that he, the said Gray, was registered

in accordance with the provisions of sections 59-1902 and 59-1903, Oregon Code 1930 (1925 Session Laws, ch. 272, p. 486).

Section 59-1905, Oregon Code 1930, provides that:

"No person, firm or corporation carrying on, conducting or transacting business as aforesaid shall, after this act takes effect, be entitled to maintain any suit or action in any of the courts of this state without alleging and proving that such person or persons have been duly registered at the time of performing such work," etc.

No demurrer was interposed to this answer, and, applying the rule announced in cases wherein the filing of a certificate of assumed name is in question, it may be said that this objection was waived: *Beamish v. Noon,* 76 Or. 415 (149 P. 522); *Schucking v. Young,* 78 Or. 483 (153 P. 803); *Benson v. Johnson,* 85 Or. 677 (165 P. 1001, 167 P. 1014); *Columbia River Door Co. v. Todd,* 90 Or. 147 (175 P. 443, 860); *Uhlmann v. Kin Daw,* 97 Or. 681 (193 P. 435).

■ Defendant Reif asserts an attachment and judgment lien admittedly subordinate and subsequent to all other liens urged in this suit. In his cross-complaint defendant Reif does not allege facts disclosing that the judgment lien of the defendant Ruffing was subsequent and subordinate to the lien of Reif. Defendant Ruffing made default and nowhere in the record does it affirmatively appear how much is involved in Ruffing's lien nor when it attached to the property.

In this state of the record Ruffing's lien should be held to be subsequent and subordinate to the valid liens of all the parties defendant herein except that of defendant Reif; and the decree should have affirmatively declared that the recognition of Reif's lien, as a valid

and subsisting lien upon the property involved herein, is without prejudice to the right of defendant Ruffing to enforce his lien in any manner authorized by law: *Oregon Lumber & Fuel Co. v. Hall,* 76 Or. 138 (148 P. 61). Moreover, because of the stipulation between said defendants Ruffing and Dorothy L. Kliks, the legal title held by said Dorothy L. Kliks to said premises should be declared to be subject to said judgment of defendant Ruffing.

▆▆▆ Defendant B. A. Kliks contends that his mortgage is a purchase money mortgage. We cannot concur in this contention. To constitute a purchase money mortgage the money must have been loaned with the express purpose and intention that it should be used in paying the purchase price of the land. If the purchaser of land is already indebted to the vendor for the price of the same, and then borrows money from a third person for the purpose of discharging this debt, and gives the latter a mortgage on the land, this mortgage is not entitled to the standing of a purchase money mortgage. As we understand the record in this case, Day & Company was indebted to the West Coast National Bank upon a contract to purchase the property in question. Defendant B. A. Kliks loaned Day & Company $10,000 to pay its indebtedness. There is no testimony in the record to the effect that when the contract to purchase was executed by Day & Company a purchase money mortgage was within the contemplation of the parties: *Paget v. Peters,* 133 Or. 608 (286 P. 983, 289 P. 1119). We find nothing in the record to support the contention that the mortgage of B. A. Kliks has been paid or was merged in the deed to Dorothy L. Kliks. As to the alleged waivers of liens, the record discloses that the same were without consideration.

The statute prescribes that the land upon which any building or other improvement shall be constructed together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof (to be determined by the judgment of the circuit court at the time of the foreclosure of such lien), shall also be subject to the liens created by such statute.

The record discloses testimony of one witness that one acre of land is necessary for the convenient use of each building in suit. Another witness testified that five acres are necessary, but nowhere in the record is there such a description with reference to the respective sites of the buildings, either by metes and bounds or otherwise, as to enable the circuit court or this court to decree the sale on foreclosure of the specific plot of ground necessary for the convenient use of each building respectively. We would suggest that these descriptions be supplied in order that certainty may be assured.

This cause is reversed and remanded for such further proceedings as may be proper not inconsistent herewith. It is further ordered that defendants B. A. Kliks and John Ruffing, respectively, be decreed to be entitled to liens upon the property in suit for their respective costs and disbursements upon appeal, said liens for costs and disbursements on appeal to have the same respective priorities in respect to the other liens thereon that the mortgage and judgment liens respectively of said Kliks and Ruffing shall have upon final determination of this suit. It is further ordered that no other party hereto shall be awarded costs or disbursements upon this appeal.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.

Petition for rehearing denied June 23, 1931.

ON PETITION FOR REHEARING
(300 P. 949)

*Chas. J. Taff* and *B. A. Kliks,* both of McMinnville, for B. A. Kliks.

*A. W. Schaupp* and *Ralph W. Horan,* both of Klamath Falls, for Lorenz Co.

*Rutenic & Yaden,* of Klamath Falls, for J. M. Gray and John Ruffing.

*C. W. Redding,* of Portland, and *Alvin A. Kurtz,* for Dorothy L. Kliks.

*Henry E. Perkins,* of Klamath Falls, for Fred J. Reif.

*W. C. Van Emon,* of Klamath Falls, for Vernon Lindsey and others.

*Chas. J. Taff,* of McMinnville, and *Paul A. Sayre,* of Portland, for Day & Co.

KELLY, J. Defendant B. A. Kliks moves to strike the brief in support of the petition of plaintiff for rehearing on the ground that the same is not printed. Rule 25 of this court provides that counsel may accompany a petition for rehearing with a printed brief of the authorities upon which they rely in support thereof, but no oral or typewritten argument will be heard or considered thereon. Pursuant to this rule

the motion to strike must be sustained. This leaves plaintiff's motion for rehearing unsupported by brief or argument to be determined.

In an attempt to give consideration to the law applicable to this case, with other authorities consulted the writer has carefully read and considered the following: *Harrisburg Lumber Co. v. Washburn*, 29 Or. 150 (44 P. 390); 2 Devlin on Deeds (3d Ed.), p. 2026, § 1043; 18 C. J., p. 278, § 243 and notes; *Kanne v. Otty*, 25 Or. 531 (36 P. 537); *Brace and Hergert Mill Co. v. Burbank et ux.*, 87 Wash. 356 (151 P. 803, Ann. Cas. 1917E, 739).

The case of *Harrisburg Lumber Co. v. Washburn*, supra, is clearly distinguishable from the case at bar. In that case a single building was described as a church and it was shown to be the only church of the denomination mentioned in the claim of lien which had been constructed in Harrisburg wherein the real property attempted to be described was situated.

Sec. 243, vol. 18, C. J., p. 278, declares the familiar rule that a grantor will be deemed to have intended to convey land owned by him when the description in his conveyance is equally applicable to two tracts of land only one of which the grantor owns. Similarly Sec. 1043 of vol. 2, Devlin on Deeds, supra, declares that such an ambiguity may be explained by showing which one of the several tracts was claimed by the grantor. *Kanne v. Otty*, supra, is a suit to establish a boundary line. These authorities shed no light upon the requisites of a description of the building or other structure upon which a mechanic's lien is sought to be impressed.

*Brace and Hergert Mill Co. v. Burbank*, supra, construes the notice of initial delivery mailed to the owner of the building upon which a mechanic's lien was

thereafter filed. It is distinguishable from the case at bar in that in the case at bar we are construing the claim of lien upon which constructive notice to third parties depends.

We adhere to our former holding in respect to plaintiff's claim of lien, and plaintiff's motion for rehearing is therefore overruled.

In a motion for a modification of our original opinion defendant B. A. Kliks urges that this court erred in allowing the lien of respondent J. M. Gray. We made no such order of allowance. We held that inasmuch as no demurrer had been interposed to the answer and cross-complaint of defendant, there was a waiver of the question of the effect of the failure of said defendant to allege compliance with section 59-1905, Oregon Code 1930.

We held that, for reasons stated, the circuit court erred in overruling the demurrer to plaintiff's complaint. An application to file an amended complaint if one is made should be addressed to the discretion of the trial court. If an order allowing plaintiff to file an amended complaint is made, it would follow that the issues if any tendered by defendants would again have to be joined. It is for the trial court in first instance to determine the manner in which this may be done. While we have made no order of allowance of the claim of defendant Gray, neither have we made one of disallowance thereof. The question which may be presented upon retrial with respect to this claim, as well as all others not disallowed in our original opinion, may depend upon pleadings yet to be filed as well as testimony yet to be heard. We would not be justified in attempting to anticipate these questions.

Defendant B. A. Kliks also argues that we erred in failing to concur with his contention that his mortgage is a purchase money mortgage. *Pacific Spruce Corporation v. Oregon Cement Co.*, 133 Or. 223 (286 P. 520, 289 P. 489), is cited as holding to the contrary. In that case the Newport Hotel Co. executed its mortgage upon certain real property to M. S. Woodcock and at the same time Woodcock executed a deed thereof to the mortgagor. The facts differ from those involved in the case at bar. In the case at bar the mortgage was given to a third party, and not to the vendor. In the Pacific Spruce Corporation case it does not appear that there was any contract of purchase prior to the execution of the deed and mortgage. We think that the facts in the case at bar more nearly resemble those in *Paget v. Peters*, 133 Or. 608 (286 P. 983, 289 P. 1119), than those in the Pacific Spruce Corporation case, supra.

The case of *Lapoint v. Sage*, 90 Vt. 560 (99 Atl. 233), is one wherein one La Point entered into a contract with one Stetson to purchase certain real property. Twelve years thereafter La Point executed a mortgage to Stetson to secure the unpaid balance then due upon said contract. La Point did not procure the money from a third party, as Day and Co. did in the case at bar.

The writer is of the opinion, as Mr. Chief Justice BEAN has so well said: "That if the law should be so construed that anyone obtaining a loan and giving a real estate mortgage to a third party not the vendor of the land to secure the payment thereof, when it was contemplated that the money so borrowed should be used in payment for the real property purchased at the time, would be executing a mortgage 'to secure payment of the balance of the purchase price of real property' within the purview of the statute, and that the

lender could only look to the property upon a foreclosure proceeding then the person wishing to purchase a home or other real property would be hampered and his credit impaired, and it might well be said that: The last state of that man is worse than the first'':. *Ladd and Tilton Bank v. Mitchell,* 93 Or. 668, 675, 676 (184 P. 282, 6 A. L. R. 1420).

As to the matter of attorney's fee to be allowed defendant B. A. Kliks we are impressed with the effect of the stipulation made by the parties in respect thereto at pages 673 and 674 et seq. of the transcript of testimony and hold that the same should be made effective in the final decree unless rescinded by the parties, in which event defendant Kliks should be given an opportunity to introduce testimony thereupon.

Mr. Kliks makes a strong plea for a final decree herein at this time. We cannot enter such a decree for the reason that as to several causes of suit we hold that the demurrer to the complaint should be sustained, because of omissions which it may be possible to supply by amendment. As to these causes of suit plaintiff relied upon the ruling in its favor of the circuit court. In that regard, if it desires to do so, plaintiff should be given an opportunity to file an amended complaint.

The motion of defendant B. A. Kliks for rehearing and to modify the original opinion herein is overruled.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.