**In re QUIGLEY MOTOR SALES, Inc.**

No. 258.

Circuit Court of Appeals, Second Circuit.

Feb. 18, 1935.

Costello, Cooney & Fearon, of Syracuse, N. Y., for claimant.

George A. Langan, of Syracuse, N. Y., for trustee in bankruptcy.

Stanley A. Williams, of Syracuse, N. Y., for cross-appellant Austin.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The bankrupt obtained money from Metropolitan Commercial Corporation, hereafter for convenience referred to as the finance company, to conduct a retail motorcar sales business. The financing was of two sorts. The first involved loans upon chattel mortgages; the bankrupt would buy automobiles from the manufacturer, take the receipted invoices to the finance company, and obtain a loan secured by mortgage upon the automobiles it had already bought and paid for. When the petition in bankruptcy was filed on February 19, 1931, the bankrupt had possession of fifteen automobiles upon which the finance company claimed a lien under chattel mortgages. The District Court held that the mortgages were invalid because executed without compliance with section 16 of the New York Stock Corporation Law (Consol. Laws N. Y. c. 59), requiring the consent of at least two-thirds of the stockholders to the execution of a mortgage, and awarded to the trustee in bankruptcy the proceeds of sale of said automobiles. From this part of the decree the finance company has appealed.

The second way in which the finance company advanced money to the bankrupt was to discount notes given by purchasers of automobiles. Such notes were secured by conditional sale contracts which the bankrupt would assign to the finance company when the purchasers' notes were discounted, sometimes guaranteeing payment of the notes and sometimes indorsing them without recourse. Buyers did not pay as agreed, and the cars were repossessed by the finance company under the assigned conditional sale contracts. They would then be delivered at the bankrupt's premises to be sold by it for the account of the finance company after obtaining its consent as to terms. Thirty-one such cars were in the bankrupt's premises at the date of the bankruptcy petition. The District Court awarded them to the finance company, and from this part of the decree the trustee in bankruptcy has appealed.

█ The questions raised by the two appeals are independent. Taking up first the chattel mortgages, a contention is made by the finance company that they were purchase-money mortgages and as such expressly excluded from section 16 of the state statute. The special master so found, but the District Court reversed this finding and was clearly supported by the testimony in so doing. The chattel mortgages were given on cars which the bankrupt had already paid for; it is apparent that the money advanced by the finance company was not meant to be used in the purchase of those cars from the manufacturer and cannot be considered a part of that transaction. Compare Syracuse Savings & Loan Ass'n v. Hass, 134 Misc. 82, 84, 234 N. Y. S. 514; Lorenz Co. v. Gray, 136 Or. 605, 298 P. 222, 225, 300 P. 949; Van Loben Sels v. Bunnell, 120 Cal. 680, 53 P. 266, 267. Concededly the mortgages were not authorized by a vote of the bankrupt's shareholders, nor was a certificate of consent filed as the statute requires. Nevertheless, it does not necessarily result that they were void. In the case of In re Paul De Laney Co., 26 F.(2d) 961, this court held, following decisions of New York courts, that a corporation may be estopped to assert the invalidity of the mortgage if the shareholders knew of its execution and the mortgagor retains the money advanced by the mortgagee. In accordance with this decision, the District Court sent the case to a special master for further evidence on this point, but, when the new evidence was re-

ported, concluded that not enough appeared to validate the mortgages. The finance company contends that this conclusion was wrong. The issue is a narrow one, namely, whether Mrs. Austin, who owned more than one-third of the bankrupt's stock, knew that its business was being financed by money borrowed from the finance company on chattel mortgages. She testified that she knew the Metropolitan was financing the sale of cars to purchasers, because she had bought one herself, but she denied that she knew they were financing on chattel mortgages cars bought from the manufacturer, which she referred to as "double financing." She expressly denied that she had authorized Mr. Dyer or Mr. Welling, the two men who actively managed the bankrupt's business, to execute any chattel mortgages, or that Welling ever discussed with her any of the company's affairs, although he had induced her to make her original investment in its stock. On behalf of the finance company, Mr. Dyer testified that Welling was her representative in the business and that she assured him that Welling could act for her in any matter. Mr. Welling was also a witness, but apparently neither side cared to question him as to what, if anything, he had told Mrs. Austin regarding the bankrupt's business. Accordingly, the oath of Mrs. Austin stands opposed to the oath of Mr. Dyer. No trier of fact who saw the witnesses has decided between them, as their testimony was taken before different special masters each of whom merely reported the evidence to the District Judge. The burden of proving knowledge on the part of Mrs. Austin or that Mr. Welling was her representative was on the finance company, since the mortgages were prima facie invalid and could be given effect only on a showing that acquiescence by two-thirds of the shareholders would have estopped the corporation from challenging their validity. The District Judge thought that the burden had not been carried, and the finance company as appellant must convince us he was wrong. With the record as it is, we are not so clearly convinced as to justify a reversal of his finding.

█ The appeal of the trustee in bankruptcy also turns solely on questions of fact, and no reason has been advanced for overturning the concurrent finding of the master and the District Court. By repossessing the sold cars and "clearing the title" by auction sales pursuant to section

79 of the New York Personal Property Law (Consol. Laws N. Y. c. 41), the rights of the conditional buyers were extinguished, and the finance company acquired full title. The cars were left on the premises of the bankrupt for the purpose of permitting the bankrupt to procure new purchasers with the understanding that it must obtain the finance company's consent as to terms before a sale was made. The bankrupt's president testified that the bankrupt had no interest of any kind in these cars. It is true that, when a repossessed car was resold, it was the bankrupt's practice to execute a conditional bill of sale in its own name. By itself this might indicate that the bankrupt did have some interest, but it cannot overthrow the solid proof of ownership in the finance company. Mere possession of another's property passes no interest to the bailee's trustee in bankruptcy. In re Wright-Dana Hardware Co., 211 F. 908 (C. C. A. 2); General Electric Co. v. Brower, 221 F. 597 (C. C. A. 9).

The order is affirmed, without costs to either appellant.