## In re CINEMART INTERNATIONAL CORP.

United States District Court
S. D. New York.
Nov. 19, 1953.

Reich, Peller, Guadagno & Caine, New York City, for Johns-Manville Sales Corp.

Chauncey H. Levy and Irving Schneider, New York City, for trustee.

SUGARMAN, District Judge.

Between July 28, 1952 and August 28, 1952, Johns-Manville Sales Corporation performed certain work, labor and services for and furnished materials to the bankrupt, Cinemart International Corp., at its business premises in New York City.

On default in payment therefor, a mechanic's lien was filed in the creditor's favor on December 21, 1952, and notice thereof was given to the debtor's landlord and others.

Eviction proceedings were then commenced to oust the debtor from its place of business because its default, resulting in the filing of the lien, constituted a breach of its lease.

In order to discharge the mechanic's lien, the debtor executed and delivered to the lienor a chattel mortgage on a certain magnetic recorder owned by it. Thereupon the eviction proceedings were terminated.

However, on February 26, 1953, the debtor was adjudicated a bankrupt.

On the above facts, Johns-Manville Sales Corporation petitioned Honorable John E. Joyce, Referee in charge of the bankruptcy, for an order directing the receiver to surrender the magnetic recorder to it, asserting the validity of its chattel mortgage.

The learned referee after trial found that less than two-thirds of the bankrupt corporation's stockholders consented in any manner to the execution and delivery of the mortgage to petitioner, and he concluded that it was invalid for failure to comply with the requirements of Section 16 of the New York Stock Corporation Law. An order denying the petition was filed on June 2, 1953 and, by petition to review, Johns-Manville Sales Corporation prays that the referee's order be vacated.

Petitioner contends that the referee erred in holding that its chattel mortgage was void for lack of consent to its execution by two-thirds of the bankrupt's shareholders. Petitioner urges that because the chattel mortgage was given in substitution for a then validly existing mechanic's lien, it was valid without the consent of stockholders required by Section 16, as either a purchase money mortgage or as an equitable lien.

█ The chattel mortgage was not a purchase money mortgage and may not be exempted from the statutory requirements on that ground.[1]

In support of the proposition that its mortgage should be supported as an equitable lien, petitioner relies on Black v. Ellis[2] and Hamilton Trust Co. v. Clemes.[3] Neither case spells out the rule which petitioner asserts it does.

The chattel mortgage involved in the Black case is clearly distinguishable from the petitioner's mortgage in that the former was a true purchase money mortgage.

" * * * the hotel company did not pay for the chattels in money, but by assuming the purchase-money mortgage thereon and agreeing to renew it every year. The obligation to renew was part of the purchase price of the chattels. Thus the mortgage in question was a purchase-money mortgage in effect through two independent transactions, because the title to the chattels passed to the first purchaser by virtue of the first transaction, including the mortgage, and to the second purchaser by virtue of the second transaction, including the covenant to keep the mortgage good by successive renewals * * *."[4]

Nor is the Hamilton Trust Company case authority for the position here taken by petitioner. In that case, the Court of Appeals held valid a chattel mortgage executed pursuant to an agreement made by the corporation's directors prior to the formal issuance of any shares of stock. The mortgage executed under that agreement was found by the Appellate Division to have been consented to by the holder of two-thirds of the capital stock[5] and the Court of Appeals held the objection to the validity of the mortgage satisfactorily disposed of by the Appellate Division.[6]

█ Petitioner further contends, without authoritative support, that the mortgage is valid as an equitable lien because executed pursuant to a stipulation discontinuing legal proceedings. Assuming that the execution of the mortgage was part and parcel of the discontinuance of the summary proceeding against the tenant-mortgagor, pursuant to a tri-partite arrangement between him, the landlord and the pe-

---

1. In re Quigley Motor Sales, 2 Cir., 75 F. 2d 253, 254; Syracuse Savings & Loan Ass'n v. Hass, 134 Misc. 82, 234 N.Y. S. 514; In re Chubby's Parkchester, Inc., D.C.N.Y., 94 F.Supp. 701, at page 705.

2. 197 N.Y. 402, 90 N.E. 958.

3. 163 N.Y. 423, 57 N.E. 614.

4. 197 N.Y. 402, 410, 90 N.E. 958, 961.

5. 17 App.Div. 152, 45 N.Y.S. 141, 144.

6. 163 N.Y. 423, 426, 57 N.E. 614.

titioner and as such was approved by the court, I doubt that the court, by sole virtue of the fact that it is in furtherance of judicial proceedings, can by judicial fiat override the express mandate of the legislature in the latter's regulation of corporate affairs.

The referee's order is confirmed.