612 So.2d 599 (1992)
CITIBANK MORTGAGE CORPORATION, a Florida corporation, Appellant,
v.
CARTERET SAVINGS BANK, F.A., et al., Appellees.
No. 91-2185.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
Granting Certification of Question February 16, 1993.
*600 Kenneth S. Hoffman, Miami, for appellant.
William R.H. Broome of Broome, Kelley & Aldrich, P.A., West Palm Beach, for appellees.
DELL, Judge.
Citibank Mortgage Corporation (Citibank) appeals from an order that declared its prior judgment against a joint venture purchaser of unimproved land subordinate to a subsequent mortgage given by the joint venture purchaser to secure the repayment of a loan made for the acquisition and development of the property. We reverse.
On August 31, 1987, Caribank Mortgage Corporation, predecessor in interest to Citibank Mortgage Corporation, obtained a judgment in the amount of $66,628.40 against Omni Development Corporation ("Omni"). On November 25, 1987, Citibank recorded a certified copy of that judgment in Palm Beach County.
On September 28, 1988, joint venturers Omni and Boynton Mini Corporation ("Boynton"), d/b/a Heritage Properties Joint Venture I, acquired a parcel of land for $1,219,000 from Elmore Watkins who had acquired the property one day earlier from William R. Baker for $1,150,000. On September 29, 1988, appellee Carteret Savings Bank ("Carteret") made a $3,300,000 acquisition and construction loan, secured by a mortgage, to Omni and Boynton to finance their development of a warehouse storage facility.
After Omni and Boynton defaulted under the loan, Carteret instituted a foreclosure suit. The foreclosure action named additional lienholders, including Citibank, as party defendants. In its complaint, Carteret alleged Citibank's 1987 judgment was inferior and subordinate to the claim of its mortgage because Carteret's mortgage constituted a purchase money mortgage which had priority over Citibank's judgment. To facilitate the foreclosure proceedings, Carteret's title insurer, Commonwealth Land Title Insurance Company, posted a bond pursuant to section 55.10, Florida Statutes (1989). Citibank filed a motion to withdraw the certified cash bond. In connection therewith, the parties stipulated only $678,521 of the loan proceeds were advanced for land acquisition costs and the balance used for construction and land development purposes. The trial court denied Citibank's motion to withdraw the bond proceeds upon finding:
[T]he mortgage held by Carteret Savings Bank, F.A. on the subject property is a purchase money mortgage in its entirety, and is therefore entitled to priority over the judgment lien of Defendant Citibank Mortgage Corporation with respect to the subject property.
The parties do not dispute purchase money mortgages have priority over judgment liens previously entered against the purchaser. See Sarmiento v. Stockton, Whatley, Davin & Co., 399 So.2d 1057 (Fla. 3d DCA 1981) and County of Pinellas v. Clearwater Fed. Sav. & Loan Ass'n, 214 So.2d 525 (Fla. 2d DCA 1968). However, Citibank contends the trial court erred when it determined Carteret's mortgage constituted a purchase money mortgage. In the alternative, Citibank contends only that portion of the loan proceeds used to acquire the land should be deemed a purchase money mortgage.
According to Citibank, the loan is not a purchase money mortgage but a construction loan from which only a portion of the loan proceeds were disbursed for acquisition of the property. Citibank argues Carteret had to advance the funds to the seller for the acquisition of the land to *601 acquire the status of a purchase money mortgagee. Citibank claims the trial court erred as a matter of law because Carteret disbursed funds to Baker, the party who sold the property to Watkins, instead of to Watkins, the party from whom Omni and Boynton purchased the land. In other words, Carteret did not apply $678,521 to acquire the land from the Seller, but used the proceeds to pay off the Seller's underlying contract with Baker. Carteret responds its mortgage is a purchase money mortgage because the funds disbursed to pay Baker pursuant to his contract with Watkins included the stipulated "land costs" of $678,521. Although the "form" of the loan disbursement does not recognize Baker as the seller of the property, we recognize the "substance" of the loan transaction reflects the application of a portion of the loan principal to the purchase of the real property. Therefore, for reasons which we will discuss, we hold Carteret's mortgage constituted a purchase money mortgage to the extent of the funds disbursed for the acquisition of the land.
The parties apparently agree that no Florida cases have considered the question presented in Citibank's second point on appeal. Citibank argues only that portion of the loan proceeds used to acquire the land should be given priority over its judgment. Carteret cites Hand Trading Co. v. Daniels, 126 Ga. App. 342, 190 S.E.2d 560 (1972), for the proposition that the entire mortgage should be given the priority reserved to a purchase money mortgage because a part of the proceeds was used to purchase the land for the development. In Hand, the court refused to give an earlier judgment lienholder priority over a loan used to purchase a lot and to construct a home. The court held:
The fact that no house was constructed on the land at the time of the transaction will not bring about a different result as it is clear and undisputed that the loan was made for the purpose of providing purchase money for the lot and the construction of a house which has been accomplished.
Id. 190 S.E.2d at 560. Hand, while supporting Carteret's argument, does not conform to decisions in other states that have addressed the questions sub judice.
In Syracuse Sav. & Loan Ass'n v. Haas, 134 Misc. 82, 234 N.Y.S. 514 (Sup.Ct. 1929), a bank loaned the borrower $3,000 to purchase land and to build a dwelling. The court granted purchase money status only to that part of the loan which went towards the purchase of the land ($120.50). The court stated:
To render a mortgage a purchase money mortgage, the whole of the principal must have been applied towards the payment of the purchase price. A mortgage given to secure the money loaned for the improvement of real property is not a purchase money mortgage.
Id. 234 N.Y.S. at 517-18. We also note that the Georgia Supreme Court in Federal Land Bank of Columbia v. Bank of Lennox, 192 Ga. 543, 16 S.E.2d 9 (1941), held that:
Priority in favor of a purchase money security deed or mortgage does not, however, extend beyond money advanced or paid in buying the property, so as to cover sums used for other purposes.
Id. 16 S.E.2d at 17 (emphasis added). The Supreme Court of Wyoming reached the same conclusion in Van Patten v. Van Patten, 784 P.2d 218, 221 (Wyo. 1989), and stated:
A purchase money mortgage is given for the unpaid purchase money on a sale of land as part of the same transaction as the deed, and its funds are actually used to buy the land.
In Westinghouse Electric Co. v. Vann Realty Co., 568 S.W.2d 777 (Mo. 1978), in an en banc opinion, the Missouri Supreme Court concluded where the buyer borrowed $2,150,000 and applied only $170,000 to the purchase of the land with the remainder being applied to the construction of apartment buildings, the lender had a purchase money mortgage only on that portion of the loan which went to the purchase of the land. Id. at 781.
*602 Citibank also directs our attention to the Attorneys Title Insurance Fund, Inc.'s notes which suggest the above cases reflect the majority view:
When a mortgage secures purchase money and additional sums, its status as a priority lien is unclear. The majority view appears to be that the priority in favor of a purchase money mortgage does not extend beyond the money advanced or paid in buying the property so as to cover sums used for other purposes. 59 C.J.S., Mortgages, Sec. 231(a). Therefore, when a loan will be used in part for purchase money and in part for other purposes, a Fund mortgagee policy should contain exceptions for any existing claims or liens against the mortgagor.
§ 18.04.01, Fund Title Notes, Attorney's Title Insurance Fund, Inc. (1990).
Here, Carteret seeks to clothe the entire amount of its acquisition and construction loan with the protection of a purchase money mortgage. However, Carteret fails to cite persuasive authority or to furnish justification for extending the protection of a purchase money mortgage to all of the proceeds of the construction loan mortgage. Consistent with the cases cited above, we hold only the amount of the loan proceeds used to acquire the land (stipulated by the parties to be $678,521.00) shall constitute purchase money mortgage proceeds and have priority over Citibank's judgment.
Accordingly, we reverse the trial court's order denying Citibank's motion to withdraw the certified cash bond. We remand this cause to the trial court with directions to enter such further orders as may be consistent herewith.
REVERSED and REMANDED.
HERSEY and STONE, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that appellee's motion filed January 21, 1993, for certification of question of great public importance is hereby granted, and the following question is certified to the Supreme Court of Florida:
WHERE A THIRD PARTY MORTGAGE LOAN IS USED NOT ONLY FOR THE PURPOSE OF PURCHASING PROPERTY, BUT IN ADDITION, FOR CONSTRUCTING IMPROVEMENTS ON THE PROPERTY, IS THE ENTIRE AMOUNT OF THE MORTGAGE ENTITLED TO PRIORITY AS A PURCHASE MONEY MORTGAGE OVER A GENERAL JUDGMENT CREDITOR OF THE MORTGAGOR?