On motion to dismiss, decided March 8, 1910.

## NEAL v. ROACH*

[107 Pac. 475.]

APPEAL AND ERROR—RECORD—AUTHENTICATION.

1. The affidavit of the clerk of the trial court that a copy of the judgment roll was received in evidence is not sufficient to take the place of a transcript of the evidence, and to make such judgment roll a part of the transcript on appeal, but the same should be authenticated by a proper certificate of the trial judge.

APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.

2. The findings of fact and conclusions of law therefrom in a suit in equity are conclusive on review, unless from an examination of the testimony it appears that a different conclusion should have been reached.

APPEAL AND ERROR—REVIEW—QUESTIONS PRESENTED BY RECORD.

3. On appeal in equity, where no transcript of the evidence has been sent up, the only question that can be considered is: Does the complaint state a cause of action?

APPEAL AND ERROR—RESERVATION OF GROUNDS FOR REVIEW—SUFFICIENCY
    OF COMPLAINT.

4. The sufficiency of the complaint may be objected to for the first time on review.

From Grant: GEORGE E. DAVIS, Judge.

This is an action by Napoleon Neal against Milos Roach. There was a judgment in the circuit court in favor of plaintiff, and defendant appeals. Plaintiff-respondent files motion to dismiss appeal.              DENIED.

*Mr. Errett Hicks* for the motion.

*Mr. V. G. Cozad, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to dismiss an appeal from a decree in equity on the ground that no transcript of the testimony has been sent up to this court. A counter motion was interposed, either to remand the cause to take the testimony again or to have evidence considered in support of one of the issues which is asserted to be decisive of the

---

*Appeal dismissed without an opinion May 8, 1912.—REPORTER.

Sig. 17

suit. It appears from affidavits presented herewith that the court reporter died before extending his shorthand notes to the trial, and that no stenographer who had examined the memoranda so kept had been able to make a correct version thereof, thereby rendering it impossible for the defendant, who is appellant, to secure a copy of the sworn declarations of the witnesses so as to file it with our clerk.

This suit was instituted June 12, 1906, to determine the right to the use of water from a nonnavigable stream for irrigation, and one of the defenses interposed is the plea of *res adjudicata,* based on a decree rendered June 11, 1904, in a suit between the same parties. The decree appealed from awarded to the plaintiff certain rights to the use of the water, and determined that he was not barred from maintaining this suit in consequence of the prior decree. A transcript of the pleadings, findings, and decree in this suit were filed in this court within the time limited therefor; thus conferring jurisdiction of the cause. The defendant on April 1, 1909, filed a certified copy of a judgment roll, containing what purports to be a record of such former adjudication, and also filed the affidavit of Wm. H. Schroeder, the county clerk of Grant county, which is to the effect that at the trial herein he, as a witness, having identified the complaint, answer, reply, decree, etc., in the former suit, such pleadings and determination were received in evidence, and permission was granted to substitute copies thereof. Schroeder's official certificate was appended to a copy of the decree in the former suit April 18, 1907, which was the day after this cause was tried, but his certificate to a copy of the pleadings in the former suit was not attached until March 29, 1909. No indorsement appears on any part of such judgment roll to show that it had been offered in evidence at the trial of this cause. No extended copy of the

stenographer's notes having been sent up, it is impossible to determine from the official report of the trial that a copy of the judgment roll in the former suit was offered or received in evidence at the subsequent hearing. It will be remembered that the clerk's affidavit states that such evidence was admitted, but we do not regard his sworn statement as the proper means of substantiating this fact. Such evidence might have been identified by the judge who tried this suit and rendered the decree herein, and he undoubtedly could, by a proper certificate, have made the judgment roll in the former suit, if it was received in evidence, a part of the transcript in this suit. Section 827, B. & C. Comp.; *Hume* v. *Rogue River Packing Co.,* 51 Or. 237 (83 Pac. 391: 92 Pac. 1065: 96 Pac. 865). Whether or not, in the absence of a transcript of the testimony, such judgment roll should be considered in support of the plea of *res adjudicata,* it is not necessary now to determine. It is sufficient to say that, unless it is identified and certified in the manner indicated, it will not be examined.

Considering the motion to dismiss, the rule is settled in this State that the findings of fact and the conclusions of law deduced therefrom by the trial court in a suit in equity are conclusive in this court, unless from an examination of the testimony taken at the trial it appears that a different conclusion should have been reached; and that, when an appeal from a decree in a suit in equity which is to be tried anew on the testimony, and no transcript thereof has been sent up, the only question that can be considered is: . Does the complaint state facts sufficient to constitute a cause of suit? *Howe* v. *Patterson,* 5 Or. 353; *Wyatt* v. *Wyatt,* 31 Or. 531 (49 Pac. 855) ; *Morrison's Estate,* 48 Or. 612 (87 Pac. 1043).

The sufficiency of the complaint, though not now challenged, is never waived, and may be objected to at the trial

in this court, and, this being so, the motion to dismiss should be denied, and it is so ordered.

MOTION DENIED.