DEFENDANT DISBARRED.

Argued May 28, reversed July 20, 1915.

## BARR *v.* WORLD KEEPFRESH CO.*

(150 Pac. 747.)

**Mechanics' Liens—Lien Notice—Lump Charge—Nonlienable Items.**

1. If nonlienable items are contained in the lump charge made in a lien notice, no lien is acquired.

**Mechanics' Liens—Lienable Items—Board and Expenses.**

2. The compensation provided by a building contract being the reasonable worth of the labor and material, board and expenses, paid for by the contractor as part of the cost of or compensation for the labor and material, are lienable.

**Mechanics' Liens—Foreclosure—Complaint.**

3. In the absence of attack by demurrer or motion, the complaint in mechanic's lien foreclosure, though not specifically alleging the contract was completed, is sufficient; it alleging the dryer was constructed, and showing that the claim is for services performed and materials furnished in the construction of a dryer.

*Food furnished contractor for employees and teams as material giving lien on railroad is discussed in note in 15 L. R. A. (N. S.) 509.
REPORTER.

From Washington: JAMES U. CAMPBELL, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit by Theo. M. Barr against the World Keepfresh Company to foreclose a mechanic's lien on lots 5 and 6, block 8, Fair View Addition to the City of Hillsboro, Washington County, Oregon, together with the structure erected thereon. The lien was filed by the plaintiff September 26, 1912, for services rendered and materials furnished by him to the defendant in the construction of a dryer, between August 8 and September 11, 1912, as stated in the notice of lien and in the complaint. The claim amounted to $2,087.37, no part of which has been paid. Plaintiff asked to be allowed $225, attorney's fees. The defendant's answer consists of a general denial of the allegations of the complaint, a portion of which is based upon information and belief. Upon the trial evidence was introduced showing that about the month of May, 1912, the plaintiff agreed orally with the defendant to construct a drying plant, in the warehouse or dryer of the defendant company, for what the labor and material would be reasonably worth. The plant consisted of two units or furnaces with the attachments, each furnace having 10 apartments or trays for drying fruits and vegetables connected therewith. The plaintiff proceeded to get out the materials to be used in both units. At first only one unit was erected, as the company desired to observe its operation before building the second, and to make such alterations as would be shown to be necessary. Thereafter plaintiff constructed the two units and finished the same in September. The furnaces were built upon a cement floor, and constructed of brick, laid in mortar. The notice of lien

contained a lumping charge, consisting of a single item, as follows:

The World Keepfresh Company, a Corporation, in Account With Theo. M. Barr, Dr.

To materials furnished and labor performed in the construction of a fruit dryer or warehouse ...........................$2,087.37

The trial court rendered a decree in favor of the defendant for the reason that the amount, $2,087.37, as claimed in the lien notice, comprised nonlienable items. The plaintiff appeals.                    Reversed.

For appellant there was a brief over the names of *Mr. Woodson T. Slater* and *Messrs. Jeffrey & Lenon,* with oral arguments by *Mr. Slater* and *Mr. Charles E. Lenon.*

For respondent there was a brief and an oral argument by *Mr. E. E. Heckbert.*

Mr. Justice Bean delivered the opinion of the court.

1. It is the position of defendant:

"That no lien was created in favor of the plaintiff under the lien notice filed by him, the claimant having mingled therein lienable and nonlienable items in a lumping charge, there being no means of ascertaining from the notice itself the amount of nonlienable items, or of segregating the same from the lienable items."

When the lien notice contains merely a lumping charge of the amount demanded, consisting of both lienable and nonlienable items, and there is no means of ascertaining the latter from the lien notice itself, it has often been held that no lien is acquired, and the court cannot, from oral testimony, separate the items for which a lien is given from those for which no lien can be acquired: *Harrisburg Lbr. Co.* v. *Washburn,* 29

77 Or.—7

Or. 150, 164 (44 Pac. 390) ; *Allen* v. *Elwert,* 29 Or. 428, 444 (44 Pac. 823, 48 Pac. 54) ; 2 Jones on Liens, § 1419; *Hughes* v. *Lansing,* 34 Or. 118, 124 (55 Pac. 95, 75 Am. St. Rep. 574) ; *Portland Hardwood Floor Co.* v. *Logging Co.,* 64 Or. 316, 319 (130 Pac. 52) ; *Stewart* v. *Spalding,* 71 Or. 310 (141 Pac. 1127). Counsel for plaintiff submitted that the items of board and expenses were a part of the compensation for the labor and materials going to make up the reasonable cost and value thereof and were not, strictly speaking, items for which a lien is claimed. No nonlienable item appears upon the face of the notice; hence it becomes important to determine whether or not the proof shows that nonlienable items were contained in the amount claimed.

2. The controversy is in regard to a memorandum of board and expenses amounting to about $90 contained in a statement of account referred to by plaintiff while testifying, and filed as an exhibit without objection. It will be noticed from the statement of the case that the claim sued for is the reasonable compensation for both materials furnished and labor performed in the construction of the plant. Upon this question Mr. Barr, the plaintiff, testified to the effect that the statement contained the value of all the labor and materials in the construction of the dryer, and mentioned the main items of sheet iron, brick and lumber, etc.; that the material and labor amounted in full to $2,087.37. His evidence was not objected to, and was not attempted to be shaken on cross-examination. Another witness, Charles F. Gable, superintendent for the defendant in the construction of the plant, stated that one of the units would cost $1,000, or two, $2,000. Allen B. Kirk, general superintendent of the defendant company, testified upon this point that the two units of the plant

cost from $1,000 to $1,100 each. Referring to the memorandum of plaintiff, the manager said:

"I imagine the bill is for two machines, $2,087.37; that is double the cost of one machine."

It appears that he had seen the first one, but not the second. Upon being recalled he testified that the dryer constructed at Willamina cost $1,100 and resembled those at Hillsboro. In addition to this, defendant introduced in evidence a statement of the cost of the dryer at the former place, which showed the same to be $1,010.98. It is therefore clearly apparent that there is practically no dispute but that the plant was of the reasonable value of the amount claimed. It is seldom that there is so little difference in the estimates of the parties. In keeping his accounts, Mr. Barr made the memorandum of board and expenses which were paid for as a part of the cost of the labor performed and materials furnished in constructing the dryer, and simply charged as board and expenses. It enhanced the cost of the structure, but was purely the compensation for the labor and materials.

Suppose a man had worked for Mr. Barr upon the dryer in question 50 days for his board, and Barr had paid $1 per day for his keep, could it successfully be maintained that plaintiff would not be entitled to a lien for the $50 paid in that manner for the labor performed upon the structure if it was reasonably worth that sum? We think not. Board and expenses, when considered as used in the construction of a building, are nonlienable, but when they are a part of the reasonable compensation paid for the labor and materials, it is otherwise. In *City of Salem* v. *Lane & Bodley Company,* 189 Ill. 593 (60 N. E. 37, 82 Am. St. Rep. 481), it was held that if the contract for an engine for

an electric plant provided that the sum of $50 should be added to the contract price of the engine in case the services of an erector were needed to set up the engine, the sum of $50 for services, "board and expenses" of the erector while setting up the engine would be properly regarded as part of the contract price of the engine for which the lien was allowed. *Lybrandt* v. *Eberly*, 36 Pa. 347, is authority that if the mechanic engages his hands at a certain sum per diem and their board, he may include in his lien the wages and board of the journeymen; for it is a part of the compensation for his work and labor in the erection of the building.

The question at issue in the case under consideration is the reasonable compensation for the labor performed and materials furnished in the erection of the dryer. The form of bookkeeping or memorandum made by the plaintiff is not important. It is the truth of the allegations that should govern, and not the form of bookkeeping; hence we conclude that there were no nonlienable items contained in the amount claimed in the lien notice.

The second position of the defendant is that the lien statement filed was not a true one within the meaning of Section 7420, L. O. L. This is embraced in the first contention mentioned, of which we have already disposed. The defendant's evidence shows that the amount of the statement filed was the reasonable value.

3. It is next claimed that the complaint is defective in not stating that the labor and material were for use, or were used in the construction of the building, or that plaintiff completed the same, or that 60 days have not elapsed since the completion of the contract. That pleading was not challenged by demurrer or motion, nor was there any objection made to

the introduction of evidence under the allegations thereof. It alleges that the dryer was constructed between August 8 and September 11, 1912, and that the lien was filed on September 24th of the same year. While this is not the exact diction used by counsel for defendant, it amounts to the same thing. While the complaint does not allege in precise language that the contract was completed, it alleges that the dryer was constructed, and it shows that the claim is for services performed and material furnished ''in the construction of a dryer.'' A copy of the lien notice is attached to and made a part of the complaint, and says that the claim is for materials furnished to be used, and which were used, in the construction of the building and for labor performed upon the same. Especially in the absence of any demurrer or motion challenging the sufficiency of the complaint we conclude that it was sufficient: *Matthiesen* v. *Arata,* 32 Or. 342 (50 Pac. 1015, 67 Am. St. Rep. 535); *Bohn* v. *Wilson,* 53 Or. 490, 493 (101 Pac. 202).

It was stipulated that the court fix a reasonable amount as attorney's fees for the foreclosure of the lien. Two hundred dollars is allowed as such. The decree of the lower court is therefore reversed, and one will be entered foreclosing the lien for $2,087.37, for $200 attorney's fees, and for costs and disbursements as prayed for in the complaint.

REVERSED AND DECREE RENDERED.

MR. JUSTICE EAKIN, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.