Argued July 2, affirmed July 20, 1915.

## BARR v. WORLD KEEPFRESH CO.

(150 Pac. 749.)

**Mechanics' Liens—Foreclosure Decree—Sale of Property.**

1. The decree in a mechanic's lien foreclosure should provide that the building and necessary ground be sold together, and not that the building be sold first, and then, if necessary, the ground.

From Yamhill: WEBSTER HOLMES, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit by Theo. M. Barr against the World Keepfresh Company, a corporation, in which the defendant appeals from a decree of the Circuit Court for Yamhill County in favor of plaintiff, foreclosing a mechanic's lien on block 4, in Kershaw's Addition to Willamina, Oregon, together with the buildings thereon. The claim alleged in the complaint is for labor performed and materials furnished in the construction of a dryer of the reasonable value of $1,010.98. A copy of the notice of lien filed by plaintiff is attached to and made a part of the complaint.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. E. E. Heckbert.*

For respondent there was a brief over the name of *Messrs. Jeffrey & Lenon,* with an oral argument by *Mr. Charles E. Lenon.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The demand consists of a single item, the materials furnished and labor performed. The case is a

companion to *Barr* v. *World Keepfresh Co., ante,*
p. 95 (150 Pac. 747), differing but slightly from that
and controlled thereby. In this case it is contended
that the sum of $24 was for nonlienable items, consisting
of board, lodging and expenses. It is shown by the evi-
dence that the plaintiff, according to his custom, paid
the workmen for work done outside of the City of Salem
the usual rate *per diem* and $5 per week additional. The
plaintiff had nothing to do with boarding his help. This
item and other expenses, such as freight upon material,
were simply matters which added to the cost of the
labor and material. It is earnestly argued by defendant
that the evidence in the case does not support the de-
cree. This position cannot be maintained. To begin
with, the answer of the defendant is not, and appar-
ently could not be, a square denial of the claim. It is
to the effect that it denies every allegation therein
except as admitted. It acknowledges that the plain-
tiff furnished some materials for a dryer in the town
of Willamina. How much was so furnished, or
whether less than the above amount, nowhere appears
in the answer. Waiving this, however, a careful ex-
amination of the evidence shows that the claim is a
reasonable amount for the labor performed and ma-
terials furnished in the construction of the dryer.
Mr. Barr did not personally superintend the erection
of the plant, but shipped the material to the place,
and his foreman, who was present during the whole
time, testified that he received the materials, kept his
own time and that of the men. Plaintiff's evidence
shows that the amount charged was reasonable.
None of this evidence is contradicted. The decree ap-
pealed from provides that the building and dryer be
sold first, and then, if necessary, block 4, upon which
the same is situated, shall be sold. This might work

a hardship upon the defendant. The building and necessary ground should be sold together. With this exception the decree of the lower court is affirmed; plaintiff to recover costs.                           AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.