SARAH KANE *vs.* METROPOLITAN COAL COMPANY.

ANTHONY KANE *vs.* SAME.

THOMAS KANE *vs.* SAME.

Suffolk.   November 12, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way.

There was evidence, at the trial of an action of tort for personal injuries received in 1925, that the operator of a motor ambulance, proceeding rapidly on a way, approached from the rear a truck operated by an agent of the defendant; that the operator of the ambulance saw the operator of the truck, which had a left hand drive, put out his left arm, with the hand extended parallel with the surface of the way, toward an intersecting street to the left, and saw the truck turn to the right; that the operator of the ambulance pressed on his accelerator and was going to his left to pass the truck when he realized that the truck was turning to its left for a left turn into the intersecting street; that the operator of the ambulance turned more to his left and applied the brake; that the ambulance thereupon skidded across the way into the intersecting street and struck the plaintiff, who was on the sidewalk; that the gong on the ambulance had been sounding; that the operator of the truck did not hear the gong nor see the ambulance until he was making his left turn; that thrusting out arm and hand with the forefinger or all fingers pointing to the left was a signal of intent to make a left turn; and that thrusting out arm and flat hand was a signal of intent to stop. *Held,* that a finding of negligence on the part of the defendant's operator was not warranted; and that the plaintiff could not recover.

THREE ACTIONS OF TORT.   Writs dated October 14, 1927.

The actions were tried together in the Superior Court before *T. J. Hammond,* J.   Material evidence is stated in the opinion.   The judge ordered a verdict for the defendant in each action.   The plaintiffs alleged exceptions.

*G. I. Cohen,* for the plaintiffs.

*K. C. Parker,* for the defendant.

WAIT, J.   The plaintiffs were injured in September, 1925, while upon the sidewalk of D Street, in South Boston, near

its intersection with Broadway. They were hit by a motor ambulance which skidded from a point on Broadway, across and into D Street, over the curb and the sidewalk, till stopped by a building. A five-ton coal truck belonging to the defendant, driven on its business by its servant, at the time was making a left hand turn into D Street from Broadway. Its front wheels were on the outbound and its rear wheels on the inbound car tracks in Broadway. Whether it had stopped was in dispute. Broadway is eighty feet and D Street forty feet wide at the intersection.

The evidence, taken most strongly for the plaintiffs, would support findings that the driver of the ambulance, going faster than thirty-five miles per hour along Broadway in the same direction as the empty truck and rapidly drawing nearer to it, when some sixty feet behind it and somewhat to its left, saw the driver thrust out his left arm with the hand extended parallel with the surface of the street toward D Street on his left. He interpreted this as a sign that the truck driver intended to stop. He applied his brake; but at once seeing the truck going on to its right, released his brake, pressed on his accelerator, and was going to his left to pass the truck when he realized that the truck was turning to its left for a left turn into D Street, turned more to his own left, again put on his brake and skidded. At no time was the ambulance nearer than ten or twelve feet to the truck. Its driver believed an ambulance had a right of way over all traffic. There was no other vehicle than the truck near at hand. The gong was sounding as the ambulance sped along Broadway. The truck driver testified that he put out his hand to indicate a left hand turn into D Street; that he did not turn at all to his right; that he did not hear the gong nor see the ambulance till, in going to the left, he saw it and stopped on the car tracks. There was evidence that thrusting out arm and hand with the forefinger pointing to the left was a signal of intent to make a left hand turn; that thrusting out left arm and hand with all fingers pointing to the left was a signal of such

intent; that thrusting out arm and flat hand was a signal of intent to stop. The truck had a left hand drive.

The case is before us upon the plaintiffs' exceptions to the direction of verdicts for the defendant. The trial judge was right. The evidence would not support a finding that the truck driver was negligent in any matter affecting the accident. He was where he had a right to be in the street. He gave a signal of his intent to make a left hand turn. He was not responsible that the signal was misinterpreted. No rule of law prescribes the form of signal. He used a form in frequent use. In *Di Rienzo* v. *Goldfarb,* 257 Mass. 272, *White* v. *Calcutt,* 269 Mass. 252, and *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, cited by the plaintiffs, negligence was predicated on failure to give any signal before turning in front of other traffic. Here there was no careless failure to warn. His turn to the right, if he made one, did not affect the result, as the ambulance driver immediately knew of the swing to the left in time to act. Nor would a slight swing one way preparatory of the broader one in the other direction constitute negligence, especially where a signal indication of the real intent had first been given.

The failure to hear the gong, also, was immaterial. There is nothing that he should have done differently had he heard the gong. The failure to hear did not contribute to the accident. The order must be in each case

*Exceptions overruled.*