Argued November 7; affirmed November 28, 1933; rehearing denied
January 23, 1934

HALL ET AL. *v.* CUTLER BINDERY CO. ET AL.

(26 P. (2d) 1109)

*M. M. Tonkon,* of Portland (Coan & Tosenberg, of Portland, on the brief), for appellants.

*Harry J. De Francq,* of Portland (J. S. Moltzner, of Portland, on the brief), for cross-appellant.

*F. M. Phelps,* of Portland (Phelps & Burdick, of Portland, on the brief), for respondent.

CAMPBELL, J. On February 13, 1932, a complaint entitled ''Norman S. Hall Company, a corporation, v. Cutler Bindery Company, a corporation,'' was filed in the circuit court for Multnomah county in which it was alleged that plaintiff was ''a corporation duly organized and existing under and by virtue of the laws of the state of California''. It also alleged the corporate capacity of defendant and the execution of a promissory note from defendant to plaintiff, the nonpayment thereof and that said note was due and unpaid; prayed judgment for the amount of said note and attorney's fees. There then followed 13 other separate causes of action of like tenor and effect except that the dates and the amounts of some of the notes varied.

Thereafter, plaintiff caused to be attached, all the property of defendant.

The affidavit for attachment contained the usual requirement of the statute ''that the same has not been secured by any mortgage, lien or pledge on real or personal property'' together with the other statutory requirements.

On February 15, 1932, defendant moved the court to discharge the attachment for the reason that the writ was improperly issued "in that the affidavit for said writ of attachment was fatally defective as appears from the affidavit of A. D. Cutler, president of the defendant corporation herein and which is attached hereto". The affidavit attached to the motion was to the effect that all the notes sued upon were given for the purchase price of certain machinery sold by the plaintiff to defendant and that plaintiff retained the title thereof, and that the retention of the title was held as security for the indebtedness.

Thereafter on February 19, 1932, plaintiff filed an amended affidavit in which they admitted the correctness of the affidavit of A. D. Cutler in support of the motion, but alleged "that plaintiff does now waive such title to the equipment and machinery * * * that such waiver of title to the merchandise and equipment * * * renders nugatory such merchandise and equipment as security of the payment of the notes".

The court allowed plaintiff to file said amended affidavit and denied defendant's motion to discharge the writ.

On February 25, 1932, defendant filed its answer to the complaint which was, in effect, a general denial, and at the same time filed an undertaking with A. E. Kern as surety to discharge the attachment. Thereupon, the bond was substituted and the attached property released.

Thereafter, on March 24, 1932, plaintiffs filed a motion to be permitted to file an amended complaint and March 28, 1932, said motion was allowed.

In the amended complaint, the name of the plaintiff was changed from "Norman S. Hall Company, a cor-

poration, plaintiff'' to ''Lawrence J. Hall and Edward Freeman Hall, trustees of a voluntary unincorporated association known as Norman F. Hall Company'', in which they alleged ''that on the 31st day of July, 1929, Lawrence J. Hall, Edward Freeman Hall, Mrs. Lillian Hall and Norman Freeman Hall entered into an agreement and declaration of trust providing for the formation of a voluntary unincorporated association to be known as Norman F. Hall Company and appointed as trustees to carry on said agreement and declaration of trust, Norman Freeman Hall and Lawrence J. Hall''.

Then follows an allegation of the death of Norman Freeman Hall on September 2, 1931, and the appointment of Edward Freeman Hall as his successor.

They also alleged that prior to July 31, 1929, the same people were a copartnership, the dissolution of the copartnership, the organization of the present unincorporated association and the transfer of the notes.

To this complaint, defendant filed its answer, consisting of a plea in abatement, alleging that plaintiffs were doing business under an assumed name and had not complied with the laws of California in filing their certificate of such fictitious name, and a general denial. The plea in abatement was disallowed by the court.

On May 13, 1932, A. E. Kern, who was surety on the bond releasing the attachment, filed a motion asking that he be discharged and relieved from his liability on said bond for the reason that the amended complaint changed the cause of action by substituting an entirely different plaintiff for the one to whom he was bound.

On June 4, 1932, the court made an order releasing A. E. Kern from liability on said bond.

Thereafter the cause came on for trial. The plaintiffs introduced evidence substantiating the allegations

of the amended complaint. The defendant refused to offer any testimony and the court found in favor of plaintiffs and entered up judgment against defendant, Cutler Bindery Company. Plaintiffs appeal.

Defendant Cutler Bindery Company filed a cross-appeal.

Appellants allege as error the order of the court releasing A. E. Kern from liability on the bond. They also allege error in the refusal of the court to enter up judgment against A. E. Kern as surety on the bond for the release of the attachment.

The question presented by plaintiffs' appeal is: Was there such a change by amendment to the complaint as to constitute a different cause of action from the one stated in the original complaint as to relieve the surety on the bond for the release of the attachment?

The authorities are in conflict as to what change in the complaint by amendment is sufficient to work a release of the surety on a bond for the discharge of an attachment. To those who wish to make a study of it, they will find the cases collated in the annotation to *Aronow v. Gold,* 274 Mass. 64 (174 N. E. 267), in 74 A. L. R. 910. Each case must stand on its own particular facts. In the instant case, the bond reads as follows:

"NORMAN S. HALL COMPANY, a corporation,
Plaintiff,

v.

CUTLER BINDERY CO., a corporation,
Defendant.

Whereas, on the application of the above named defendant, Cutler Bindery Co., a corporation, an order has been made and entered in the above entitled action discharging the attachment and discharging certain property of said defendant from an attachment here-

tofore issued and levied in such action by and on behalf of the above named plaintiff, Norman S. Hall Company.

Now, therefore, I, A. E. Kern, surety, hereby undertake and agree to pay said plaintiff the amount of any judgment that may be recovered against said defendant in such action.

Dated this 25th day of February, 1932.

A. E. Kern."

It is stipulated by appellants and respondent that the plaintiff mentioned in the bond does not and never did exist. The contention of appellants being that the terms of the bond should be interpreted to mean any plaintiff who might be substituted for the one that did not exist. Since the days of one Antonio, a Venetian merchant, to the present time, it has been the general understanding that the obligee on a bond may hold the obligor to the conditions of his bond—no more, no less. The obligee is only entitled to that which the obligor contracted to perform. In the instant case the surety on the bond for the discharge of the attachment agreed to pay plaintiff, a fictitious entity. He did not obligate himself to pay any one else who might obtain a judgment against defendant upon the notes sued on. In the cause presented by the original complaint, to which an answer was filed denying every allegation therein, before the plaintiff might recover it would be necessary for it to introduce evidence establishing its corporate capacity. In the amended complaint, the proof required would be such as would establish a partnership, a common law trust, and an assignment of the claim to the trustees, thus requiring different evidence from that of the first complaint. The argument is made that because there was no such an entity as the Norman S. Hall Company, a corporation, the surety must have had that in mind when he executed the bond. It is

possible that that may have been an inducement for his signing the bond. On the other hand, the surety had the affidavit of the person swearing to the complaint that there was such a plaintiff. It could not be termed a mere clerical error as there was a complete allegation of the organization and existence of such a corporation. The surety could not be held to pay any one who might be substituted as plaintiff without notice to him.

A complaint states a cause of action when it alleges a state of facts to exist, which, if true, entitles the plaintiff to recover a sum of money or some other relief that may be obtained in an action at law from the defendant.

"A cause of action implies that there is some person in existence who could bring suit and also some person who could lawfully be sued." Bouvier's Law Dictionary, 3rd. Rev. 436.

"A cause of action consists of those facts as to two or more persons entitling at least some one of them to a judicial remedy of some sort against the other, or others, for the redress or prevention of a wrong. It is essential to the existence of such facts that there should be a right to be violated and a violation thereof. Since these two elements constitute a cause of action, to satisfy the statute * * * they must arise out of one or more circumstances called a transaction, the latter is to be viewed as something distinct from the cause of action itself, else the latter could not arise out of the former." Id.; Emerson v. Nash, 124 Wis. 369, (102 N. W. 921, 70 L. R. A. 326, 109 Am. St. Rep. 944).

"A cause of action is the entire set of facts that give rise to an enforceable claim; the phrase comprises every fact which, if traversed, the plaintiff must prove in order to obtain judgment. (Per Esher, M. R., Reed v. Brown, 58 L. J. Q. B. 120; 22 Q. B. D. 128)." Strouds Judicial Dictionary, 2nd. Ed. Vol. 1, 275.

Applying these rules and definitions to the question before us, we reach the conclusion that by the amend-

ment the cause of action was changed to such a degree as to release the surety. This disposes of all the errors complained of by appellants.

 Defendant, in its cross-appeal, assigns as error the ruling of the court in permitting the amended complaint to be filed. The allowance of an amendment to a pleading is in the sound discretion of the trial judge and his action thereon will not be disturbed unless this court can say that there was an abuse of discretion to the prejudice or injury of the party against whom the filing was allowed. There was no abuse of discretion in allowing the amended complaint to be filed in the instant case. Oregon Code 1930, § 1-905, and see cases cited thereunder.

█ Personal property, capable of manual delivery and not in possession of a third party, is attached by the attaching officer taking it into his possession. Oregon Code 1930, § 4-406. Where the attachment is discharged by the defendant, executing a bond for the purpose, the property is turned back to the possession of defendant. Id. § 4-416. In the instant case the attached property having been released from the attachment by the execution of a bond, the annulling afterwards of the bond for the discharge of the attachment would not of itself reinstate the attachment. If the attaching creditor, under such circumstances, wishes to protect his lien, he must have a new writ issued or by order of the court, have the original writ reinstated and the property retaken by the officer. This was not done in the instant case.

Taking the view that we do of these questions, all other contentions of the cross-appellant become moot and are unnecessary to be passed upon.

The judgment will be affirmed. It is so ordered.

RAND, C. J., ROSSMAN and BELT, JJ., concur.