Argued January 16; affirmed January 28, 1936

# PORTLAND MORTGAGE COMPANY *v.*
# ELDER ET UX.

(53 P. (2d) 1045)

*Dan J. Kenney,* of Portland, for appellants.

*Ralph H. Cake,* of Portland (Cake & Cake and Hugh Montgomery, Jr., all of Portland, on the brief), for respondent.

BEAN, J. The plaintiff filed its complaint in the district court in an action in forcible entry and detainer. The complaint is in the usual form. Defendants, deeming themselves entitled to relief arising out of facts requiring the interposition of a court of equity, and material to their defense, filed an answer in the nature of a cross-complaint. In their amended answer, after denying the right of the plaintiff to the possession of the real estate, they admit that they are in possession, but deny that the same is wrongful, and admit the demand of plaintiff for possession. As a further and separate answer defendants allege, in substance, that in November, 1932, plaintiff and defendant J. K. Elder entered into an agreement for the sale of the premises, referred to in the complaint, to defendants upon certain terms and conditions.

We pause here to say that the terms and conditions of the agreement are not set forth in the answer, but, strange to say, the defendants ask: "That the Decree of this court set out specifically the terms and conditions of the agreement between the parties and that the rights of the respective parties be fixed * * *."

The answer further alleges that, in compliance with the terms of their agreement, the defendants satisfied a lien then outstanding against the premises in the amount of $2,000, improved said premises at an expense of approximately $1,000, and paid over to plaintiff, in the year 1934, the sum of $1,000 in cash; that defendants are ready, able and willing to comply with the terms and conditions of the agreement; that in the summer of 1934 plaintiff attempted to rescind said contract and change the terms and conditions thereof, demanding that the defendants pay over to plaintiff an additional sum of $4,000; that defendants have tendered to plaintiff the sums coming due to plaintiff

under the terms of said agreement, but that plaintiff has failed and refused to accept said payments. Defendants pray that the forcible entry and detainer action be dismissed, and that plaintiff be ordered and directed to specifically perform the contract referred to.

In the reply to the amended answer and cross-complaint, plaintiff denies that plaintiff and defendants entered into an agreement for the sale of the premises referred to in the complaint, No. 215 Greenwood Road (Dunthorpe) in Multnomah county, Oregon; denies that defendants satisfied the lien against the premises in the sum of $2,000, and alleges that plaintiff purchased the premises pursuant to a sale upon a decree foreclosing a lien. Plaintiff denies that defendants improved said premises at an expense of $1,000.

The cause was transferred to the circuit court. Testimony was taken on behalf of each party and a decree was rendered dismissing the cross-complaint in equity and rendering a judgment for the plaintiffs entitling them to the possession of the premises. Defendants appeal.

There is no transcript of testimony taken before the trial court brought up to this court. There are six exhibits in the case mentioned in the certificate of the clerk of the circuit court to the transcript of record. There are several issues raised, and the circuit court determined them.

There being no transcript of all the testimony taken in the trial court filed on this appeal, which involves a suit in equity, the only question for our determination is as to the sufficiency of the pleadings: *Matthews v. Matthews,* 60 Or. 451, 456 (119 P. 766) ; *Neal v. Roach,* 61 Or. 513 (107 P. 475) ; *Nealan v. Ring,* 98 Or. 490 (184 P. 275, 193 P. 199) ; *Wood v. School Dist. No.*

*13,* 107 Or. 280 (214 P. 589). Error is not presumed upon an appeal to this court. The presumption is that the judgment and decree of the trial court is correct. In order to determine whether there is an error in the decree of the circuit court, it is necessary for us to consider all of the testimony: Section 7-510, Oregon Code 1930; *Morrision's Estate,* 48 Or. 612 (87 P. 1043); *Schoren v. Schoren,* 110 Or. 272 (214 P. 885, 222 P. 1096).

Referring to defendants' Exhibit 1, which is a letter from the plaintiff to J. K. Elder, and which defendants seem to claim to be the basis for the contract, it appears that plaintiff was foreclosing a mortgage on the property in question in a suit therefor and made a tentative proposition to Elder that if plaintiff secured possession of these premises within 60 days, or 90 days at the furthest, through the foreclosure proceedings then pending, it would then give Elder exclusive option to purchase the property, subject to redemption by those entitled to redeem, for the amount named in the sheriff's certificate, assuming that there would be no other bidders, and consequently the Portland Mortgage Company would be the successful bidder at the sheriff's sale and purchase the property at the sheriff's sale for the full amount of its claim, plus accrued interest, costs, attorney's fees, etc. The letter, Exhibit 1, reads:

"the tentative terms we have in mind are that you are to pay at the taking of such option a cash payment of about $800 plus the costs and the attorney fees (in other words the cash payment is to cover the interest only at 7% per annum upon our unpaid principal of $7006.41 from September 20, 1931, to the 20th of the month nearest the giving of such option) together with the second half of 1930 taxes and first half 1931 taxes and abstract continuation  *  *  *  with the accrued

interest on said advances and during the year while the redemption right is running you are to pay $40.87 per month on the 20th day of the month, * * · * and in the event Portland Mortgage Company gets Sheriff's Deed you will from and after that time pay a monthly payment of $127.82 on the 20th day of each and every month."

■ We are unable to tell, without the testimony, whether this tentative proposition ever ripened into an option or whether the terms and conditions, which defendants do not specify in their cross-complaint, were complied with. It is indeed a complicated matter, and like any suit in equity it can not be determined without the testimony. Defendants claim that the option was changed to a contract. As to what was done in regard to the matter, we are practically in the dark without the testimony. An appeal in a suit in equity is tried de novo by this court on the transcript and evidence.

■ Where a suit is brought for the specific performance of a parol contract, or contract partly in parol, relating to real property, the appellant must prove every element of the contract, except the written memorandum thereof: *Wagonblast v. Whitney,* 12 Or. 83 (6 P. 399); *Goff v. Kelsey,* 78 Or. 337, 341 (153 P. 103); *LeVee v. LeVee,* 93 Or. 370, 377 (181 P. 351, 183 P. 773).

Under the provisions of section 6-102, Oregon Code 1930, by virtue of which defendants filed their answer as a complaint in equity, it was the duty of the court, when such equitable matter is interposed, thereafter to proceed until the determination of the issues thus raised as a suit in equity, by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree. Defendants contend that it was the duty of the trial court to make findings of fact in regard to the allegations of their

cross-complaint instead of dismissing their cross-complaint.

Section 6-208 directs that whenever upon the trial it is determined that plaintiff is not entitled to the relief claimed, or any part thereof, a decree shall be given dismissing the suit, and such decree shall have the effect to bar another suit for the same cause or any part thereof, unless the decree is rendered without prejudice.

■ Defendants, in their cross-complaint, are situated the same as plaintiff in a suit in equity, and it was proper for the trial court, after taking the testimony and finding that defendants are not entitled to equitable relief prayed for, to dismiss the cross-complaint.

The decree of the trial court, on account of the condition of the record, must be affirmed. It is so ordered.

CAMPBELL, C. J., and RAND and BAILEY, JJ., concur.