Argued October 5; affirmed November 9, 1943

# ANDERSEN *v.* TURPIN ET AL.

(142 P. (2d) 999)

422

Before Bailey, Chief Justice, and Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

*Arthur H. Lewis,* of Portland, for appellants.

*James G. Swindells,* of Portland (McCarty, Dickson & Swindells and C. W. Pecore, all of Portland, on the brief) for respondent.

HAY, J.

Plaintiff and respondent brought suit to foreclose a mechanic's lien for labor performed on a residence building constructed for and owned by defendants and appellants.

The lien notice was filed for record December 1, 1941. The complaint was filed May 19, 1942. It alleged that the defendants contracted with and employed plaintiff to do the work for which he claimed a lien, and showed substantial compliance with the statutory requirements. Details which were attacked by defendants will be mentioned hereafter. Judgment was demanded against the defendants and each of them for $527.85, the sum alleged to be due, with legal interest, costs and attorney's fees, and a decree foreclosing the lien was prayed for.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit, in that there was a material variance between the contract alleged therein and that stated in the notice of lien. This demurrer was sustained by the court, with leave to amend. On July 23, 1942,

plaintiff filed an amended complaint. The defendants moved to strike such amended complaint upon the ground that it changed substantially the cause of suit set forth in the original complaint and was such an amendment as was beyond the jurisdiction of the court to allow. This motion was overruled, whereupon the defendants demurred on the ground that suit to foreclose plaintiff's lien had not been commenced within the time limited by the Code, in that more than six months had elapsed between the filing of the notice of lien and the institution of suit to foreclose it. The demurrer was overruled, and defendants answered, making certain formal admissions and denials which, so far as material to the present discussion, will be considered in due course. Affirmatively, they pleaded that the plaintiff did not complete and finish his work, but, without just cause or excuse, abandoned it and left it in an uncompleted state. Further answering affirmatively, they alleged that they were obliged to expend the sum of $546.46 in completing the work left unfinished by plaintiff and in "doing over" a part thereof. The new matter was denied by the reply, but therein plaintiff impliedly admitted that he did not complete the work, stating as a reason therefor that the defendants had refused to permit him to do so.

After a hearing before the court, a decree was entered foreclosing plaintiff's lien for the sum of $377.85, with legal interest, certain minor disbursements, and attorney's fees. In arriving at this sum, the court allowed the sum of $150 as an offset against the amount prayed for, by reason of defects in plaintiff's work. From this decree the defendants have appealed.

It is the contention of the defendants that the original complaint did not state a cause of suit, and

that, if the amended complaint did so, it was not filed until after the expiration of six months from the date of the filing of the notice of lien, as required by law. Section 67-107, O. C. L. A.; *Shea v. Graves,* 142 Or. 503, 509, 19 P. (2d) 406.

■ We have carefully considered the original complaint together with the notice of lien, a copy of which was attached thereto as an exhibit. It was incumbent upon the plaintiff, by his complaint, to show that he had complied substantially with the provisions of the statute entitling him to a lien. *Pilz v. Killingsworth,* 20 Or. 432, 435, 26 P. 305; *Rankin v. Malarkey,* 23 Or. 593, 597, 32 P. 620, 34 P. 816; *Christman v. Salway,* 103 Or. 666, 685, 205 P. 541; *McCormack v. Bertschinger,* 115 Or. 250, 253, 237 P. 363; *Phillips v. Graves,* 139 Or. 336, 347, 9 P. (2d) 490, 83 A. L. R. 1.

In support of their contention that the original complaint did not state a cause of suit, the defendants point out certain particulars wherein they allege that pleading to have been defective. They say that the complaint alleged that plaintiff's work was performed under contract with the defendant-owners, whereas the notice of lien stated that it was performed at the instance and request of I. N. Richardson, the original contractor.

■ The notice of lien was set out in *haec verba* in the exhibit and was incorporated in the complaint by reference. Moreover, the complaint contained a specific allegation that each and all of the statements contained in the lien notice were true. The exhibit was thus not only incorporated in the complaint, but the allegations thereof became allegations of the complaint, supported by the same verification. In determining the sufficiency of the pleading, therefore, the

allegations of the notice of lien must be held to prevail over any discrepancy between them and those of the complaint proper. *Benedict v. Price,* 38 F. (2d) 309, 312; *Somers v. Hanson,* 78 Or. 429, 432, 153 P. 43; *Strong v. Moore,* 118 Or. 649, 654, 245 P. 505; *Birkemeier v. Knobel,* 149 Or. 292, 311, 40 P. (2d) 694; *Lorenz Co. v. Gray,* 136 Or. 605, 612, 298 P. 222; *O'Neil v. Twohy Bros. Co.,* 98 Or. 481, 487, 190 P. 306; *Pritchard v. Myers,* 174 Md. 66, 197 A. 620, 116 A. L. R. 775, 779.

■ The notice of lien states that the lien was claimed for labor performed on the building at the instance and request of I. N. Richardson; that, at the time when plaintiff commenced to perform such labor, defendants were the owners or reputed owners of the building, and that they were such owners at the date when the notice of lien was executed; that the defendants had notice of the construction of the building, and caused the same to be done; that, in such construction, Richardson was the contractor and agent of defendants; and that the reasonable price of the labor was the sum of $527.85. There follows a detailed statement of the labor of each person employed by plaintiff on the work, showing the number of hours worked by each, the rate of pay and the total earned. These allegations, in our opinion, are sufficient to show that the plaintiff claimed as a subcontractor under the original contractor, notwithstanding the allegation of the complaint that plaintiff contracted with defendants.

■ The defendants contend that necessary and material averments of a pleading cannot be supplied by an exhibit. Such has been the uniform holding of this court. *Malheur County v. Carter,* 52 Or. 616, 98 P. 489; *Lorenz Co. v. Gray,* supra; *Wright v. White,* 166 Or. 136, 153, 110 P. (2d) 948, 135 A. L. R. 1. We are not

dealing, however, with the effect of a mere exhibit, but with the effect of the allegations of an exhibit, when such allegations have been incorporated into the pleading by reference accompanied by an affirmation of their truth. In *Wright v. White,* supra, it was held that the plaintiff, by attaching as an exhibit to his complaint a certain charge sheet, could not be held to have alleged that the charges contained therein were true, but merely the fact that such charges had been preferred. Stating the principle affirmatively, if the complaint had incorporated the charge sheet as an exhibit and had alleged the truth of the charges, as was done with the notice of lien in the case at bar, the charges would have become part and parcel of the allegations of the complaint. It was held in any event that "one office of an exhibit to a pleading is that it may be resorted to in order to explain and make definite the allegations of the pleadings". So, in *Lorenz Co. v. Gray,* supra, it was held that the fact that the complaint did not state that the contract was completed, and the date of such completion, was not ground for demurrer, in view of the allegations contained in the notice of lien, which was attached to the complaint.

■ Where, as in the present case, the instrument attached to the complaint is the very foundation of the pleading, the authorities uniformly hold that, if there is a variance between the recitals of the pleading and those of the exhibit, the latter will govern. Anno., 16 Am. & Eng. Ann. Cas., 490; 41 Am. Jur., Pleading, section 57.

■■ The allegation of the notice of lien, that the contract was entered into between defendants' contractor and plaintiff, is not necessarily at variance with

the allegation of the complaint, that it was entered into between defendants and plaintiff. Under the statute relating to liens of mechanics, the contractor in charge of the construction is made the agent of the owner. Section 67-101, O. C. L. A.; *Smith v. Wilcox,* 44 Or. 323, 326, 74 P. 708, 75 P. 710. In an action against a principal on a contract made by an agent, the contract may be declared upon either as having been made by the principal or by him through the agent. 2 Am. Jur., Agency, section 438; *Interior Warehouse Co. v. Dunn,* 80 Or. 528, 537-8, 157 P. 806; *L. B. Menefee Lbr. Co. v. MacDonald,* 122 Or. 579, 586, 260 P. 444.

We are of the opinion that the original complaint sufficiently stated a cause of suit against defendants for the foreclosure of plaintiff's mechanic's lien upon their property, and that the court erred in sustaining defendants' demurrer thereto.

Plaintiff's amended complaint was filed more than six months subsequent to the date of the recording of his notice of lien. The defendants, believing that the original complaint had failed to state a cause of suit, contended that the filing of an amended complaint, which did state a cause of suit, was the beginning of the suit so far as the lien foreclosure was concerned. Upon this theory, they first moved to strike the amended complaint, and, when this motion was denied, they demurred upon the specific ground that the suit had not been commenced within the time limited by the Code, in that more than six months had elapsed between the filing of the lien and suit foreclosing it. This demurrer was overruled, and defendants answered, as has been stated. The amended complaint added the name of I. N. Richardson, defendants' contractor, as a party defendant, but plaintiff subsequently took a voluntary nonsuit as to him.

At the hearing, the defendants moved to dismiss the suit upon the same grounds as theretofore raised by demurrer. This was denied. They then demurred to the amended complaint on the ground that it did not state a cause of suit, in that it failed to allege compliance with the statutory requirements in mechanic's lien cases; that it referred to a copy of notice of lien as being attached as an exhibit, but that no such copy was actually attached; and that it failed to show that the labor for which a lien was claimed was performed in the alteration or construction of a building. The court permitted plaintiff to amend his amended complaint by attaching a copy of the notice of lien thereto, and overruled defendants' demurrer. Thereupon defendants objected to the introduction of any evidence on the part of the plaintiff, on the same grounds as those upon which they based their motion to dismiss. This objection was overruled. These matters are not shown in the abstract of record, but in a document attached to the transcript and labeled "excerpts from proceedings".

■ The objection that the filing of the amended complaint was, in effect, the beginning of a suit to foreclose the lien was not well taken. The original complaint having stated a cause of suit for foreclosure of plaintiff's lien, it follows that no new cause of suit was interjected by the amended complaint. The original complaint was filed within the statutory time limit, and the amended complaint related back to the original. Section 67-107, O. C. L. A.; 1 C. J. S., Actions, section 129 (8)g, p. 1403.

The bringing in of the contractor as a party defendant was not the commencement of a new suit, as he was an unnecessary party. 1 C. J. S., Actions, section

129 (8)h; Bloom, Mechanics' Liens, section 868, p. 727.

■ In any event, there is no substantial variance between the recital in the amended complaint of the operative facts constituting plaintiff's cause of suit and those stated in the original complaint. The same transaction upon which the suit was based was set forth in both pleadings. The controversy was the same, and the wrong complained of was the same. The original complaint was indeed unskillfully drawn, but "the absence of fine technique alone is not fatal". *Birkemeier v. Knobel,* supra. It fully apprised the defendants of the character and extent of the claim against them, and they were not in any manner misled by the amended complaint. *East Side Mill Co. v. Southeast Portland Co.,* 155 Or. 367, 374–377, 64 P. (2d) 625; *Elliott v. Mosgrove,* 162 Or. 507, 91 P. (2d) 852, 93 P. (2d) 1070; *Asher v. Pitchford,* 167 Or. 70, 77–79, 115 P. (2d) 337; 49 C. J., Pleading, sections 673 and 695; *Ingwerson v. Chicago, etc., R. Co.,* 150 Mo. A. 374, 381, 130 S. W. 411; *Big Boy Drilling Corporation v. Rankin,* 213 Cal. 646, 3 P. (2d) 13, 14.

■ Defendants assert that plaintiff's original complaint does not show a timely filing of his lien claim. As a subcontractor, he was required to file such claim within thirty days after he had ceased to labor or within thirty days after completion of the entire work. *Nicolai-Neppach Co. v. Poore,* 120 Or. 163, 174, 251 P. 268. This point was not raised against the original complaint in the lower court, but, in any event, it cannot be sustained. The lien notice, which was a part of both complaints, alleged that thirty days had not elapsed since the completion of the building. This allegation was sufficient, and it was not necessary to

state the actual date of completion. *Bernard v. Hassan,* 60 Or. 62, 65, 118 P. 201.

■ ■ Defendants say further that there was no allegation in the original complaint as to the amount of land necessary for the convenient use and occupation of the building. The lien notice states that it is the intention of the claimant to hold a lien upon the building, erections and superstructures, and "also upon the land upon which the same are constructed, together with a convenient space about the same or so much as may be required for the convenient use and occupation thereof, to be determined by the judgment of the court at the time of the foreclosure of this lien". These allegations were incorporated into the complaint. It has been held that, if the lien claimant describes more land than is necessary for the convenient use and enjoyment of the improvement, or more than the statute allows, this does not vitiate the claim, but the court will ascertain the amount of land necessary to bring it within the statutory area. 36 Am. Jur., Mechanics' Liens, section 170, p. 114; *Suburban Improvement Co. v. Scott Lbr. Co.,* (C. C. A. 4) 59 F. (2d) 711, 87 A. L. R. 555, 563. Moreover, the amended complaint was aided in this connection by the admission of the answer that all of the land described was required and necessary for the convenient use and occupancy of the buildings and improvements erected thereon.

■ It was objected that neither the original complaint nor the lien notice alleged that the labor performed was of the character for which the statute allows a lien. The lien notice alleged that the lien was claimed for labor performed on a certain building; that the defendants, as owners, had knowledge of the "construction" of said building and caused the same to be

done; and that in the "construction" of the building, I. N. Richardson was the contractor and agent of said owners. We think that these allegations were sufficient. *Barr v. World Keepfresh Co.,* 77 Or. 95, 100, 101, 150 P. 747.

The defendants, in their brief, allege that plaintiff, prior to the completion of his subcontract, was discharged by the contractor because of the fact that the owners were dissatisfied with his work, and that subsequently the owners, at a cost of $546.46, caused plaintiff's unfinished work to be completed. However, as no transcript of testimony is before us, the only question which we can consider upon this appeal is whether or not the pleadings are sufficient to uphold the decree. Section 10-810, O. C. L. A.; *Wood v. School District No. 13,* 107 Or. 280, 281, 214 P. 589; *Portland Mortgage Co. v. Elder,* 152 Or. 406, 408, 53 P. (2d) 1045.

The fact that both the original and the amended complaint asked for a personal judgment against the defendants, to which plaintiff was not entitled, does not vitiate the complaint. The prayer is technically no part of the complaint. *Elliott v. Mosgrove,* supra. That the relief prayed for is greater than the facts alleged in the complaint warrant does not render the complaint vulnerable to demurrer on the ground that it does not state a cause of suit. 41 Am. Jur., Pleading, sections 109, 110 and 112; 19 Am. Jur., Equity, sections 226 and 227; *Meyer v. San Francisco,* 150 Cal. 131, 88 P. 722, 10 L. R. A. (N. S.) 110; *Jones v. Ceres Inv. Co.,* 60 Colo. 562, 154 P. 745, Ann. Cas. 1918C, 429. No personal judgment was awarded against the defendants.

The allegations of the plaintiff's reply, to the effect that he did not complete his work for the reason

that the defendants refused to permit him to do so, was a distinct departure from the allegations of his amended complaint.  41 Am. Jur., Pleading, section 185.  However, such departure was not brought to the attention of the court either by demurrer or by motion to strike, and, having proceeded to trial upon the issues raised by the pleadings as a whole, without, in some appropriate manner, having objected to the departure, the defendants must be held as having waived it.  41 Am. Jur., Pleading, section 392.

The decree of the circuit court is affirmed, with costs.