Submitted on briefs February 26, affirmed March 26, 1958

IN THE MATTER OF THE ESTATE OF RALPH R. CLARK,
DECEASED

323 P. 2d 334

McCarty & Rosacker, Portland, for the motions.

Lydia V. Clark, *in propria persona,* contra.

PER CURIAM.

The respondent, the executor of the estate of Ralph R. Clark, deceased, has moved to dismiss the appeal because no transcript of testimony has been brought to this court and the pleadings are sufficient to support the orders appealed from; or, in the alternative, to strike the appellant's brief from the files because it does not comply with our rules.

The appellant, Lydia V. Clark, is the widow of the decedent. By his last will and testament he bequeathed to her a sum of money sufficient to compensate her for her dower interest in his real property together with a sum of money sufficient to compensate her for whatever interest in his personal property the law of Oregon gives her. The appeal is from an order overruling Mrs. Clark's objections to the final account and from the decree of distribution. The specific grounds of objection to the final account were these: (1) that certain personal property of the estate was of greater value than as shown by the inventory and appraisement; (2) that the appraisers are not entitled to a fee until the property in question has been re-appraised, and that new appraisers should be appointed for that purpose; (3) a general objection to the attorneys' fees and executor's fees allowed by the court; and (4) that the executor should be required to justify the disbursements and other costs set forth in the final account.

The motion to dismiss the appeal is denied, as the filing of a transcript of testimony with this court is not a jurisdictional requirement. Timely service and filing of a notice of appeal are sufficient to confer

jurisdiction of the cause on the Supreme Court. ORS 19.030. But none of the questions which the appellant seeks to have reviewed by this appeal can be determined in the absence of the testimony. The only question open for our consideration would be whether or not the order and decree appealed from are supported by the pleadings. *Andersen v. Turpin,* 172 Or 420, 432, 142 P2d 999; *Portland Mortgage Co. v. Elder,* 152 Or 406, 408-409, 53 P2d 1045, and cases there cited; *Morrison's Estate,* 48 Or 612, 614, 87 P 1043. We have examined the entire record and find that they are so supported. In these circumstances the only possible decree that this court could render is an affirmance of the order and decree, and a judgment of affirmance will, therefore, be entered.

In view of this disposition of the case we will deny the motion to strike the plaintiff's brief from the files.